FILED
2012 Jan-11  AM 08:05
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **TERESA ANN THOMPSON,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-11-S-155-E** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Teresa Thompson commenced this action on January 14, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

The ALJ found that claimant did not have any severe impairments because none of her medically determinable impairments "significantly limits [her] physical or mental ability to do basic work activities." *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). Claimant argues that, in so finding, the ALJ improperly evaluated her credibility and her subjective complaints of pain and other symptoms. Upon review of the record, the court concludes these contentions are without merit.

To demonstrate that pain or another subjective symptom renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810

2

F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

Here, the ALJ found that claimant's medically determinable impairments could reasonably be expected to produce her alleged symptoms, but that claimant's statements about the intensity, persistence and limiting effects of her symptoms were not credible to the extent they were inconsistent with a finding that she has no severe impairment or combination of impairments.[1]  More specifically, the ALJ found that claimant's subjective complaints were not consistent with the objective medical findings, including x-ray and ultrasound results and clinical examinations.[2]  He also noted that claimant had received inconsistent treatment for her impairments, that her treatment providers had raised the possibilities of malingering and psychosomatic symptoms, that claimant smoked a pack and a half of cigarettes per day despite her alleged problems with asthma, that the consultative examination did not reveal any disabling symptoms, and that claimant had made inconsistent statements about her work history and daily activities.[3]   All of these conclusions were supported by substantial evidence.

In accordance with all of the foregoing, the court concludes that the ALJ's

---

[1] Tr. at 15.

[2] Tr. at 15-16.

[3] Tr. at 17-18.

decision was supported by substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 11th day of January, 2012.

_____

United States District Judge